IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA    *
                            *
            v.              *    CR 110-251-006
                            *
SOLOMON M. GRIER            *

O R D E R

In the captioned criminal matter, Defendant Solomon M. Grier has filed a "Motion to Grant Jail Time Credit" in which he seeks certain periods of time presumably served in federal custody to be credited against his federal sentence.

In his motion, Defendant states that he was not given a consecutive sentence. However, the Judgment and Commitment Order in this case is silent as to whether his federal sentence is to run concurrent to any state sentence. When multiple terms of imprisonment are imposed at different times, as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). To the extent that Grier seeks a modification of his sentence to reflect that the federal sentence is concurrent with a state sentence, this Court lacks the authority to do so. See 18 U.S.C. § 3582(c).[1]

---

[1] Section 3582(c) provides limited exceptions to this general rule, none of which apply to this case.

Further, matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons ("BOP"), not this Court. Indeed, a request for a *nunc pro tunc* order of concurrency is tantamount to a request for post-sentencing leniency or clemency, which is "the proper domain of the executive branch, not the judicial branch." Hunter v. Tamez, 622 F.3d 427, 431 (5th Cir. 2010). In short, this is a decision within the discretion of the BOP.

Moreover, a judicial challenge to the BOP's decision regarding the execution of a federal sentence must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, once Defendant exhausts his administrative remedies with the BOP, he must bring his § 2241 challenge in the District of South Carolina, which has territorial jurisdiction over the facility in which Defendant is presently incarcerated. This Court simply does not have jurisdiction to consider the matter. See Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004).

Upon the foregoing, Defendant's motion for time credit (doc. 946) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA